# 13-4431-cr

To be argued by:
**BARRY D. LEIWANT**

## United States Court of Appeals
### for the Second Circuit

Docket No. 13-4431-cr

UNITED STATES OF AMERICA,

Appellee,

-against-

JAMELL SELLERS,

Defendant-Appellant.

APPEAL FROM A FINAL JUDGMENT
OF THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

BRIEF FOR APPELLANT JAMELL SELLERS

FEDERAL DEFENDERS OF NEW YORK, INC.
APPEALS BUREAU
52 Duane Street, 10th Floor
New York, New York 10007
Tel. No.: (212) 417-8742

Attorney for Defendant-Appellant
**Jamell Sellers**

**BARRY D. LEIWANT,**
 Of Counsel

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . ii

JURISDICTIONAL STATEMENT PURSUANT TO FED. R. APP. P. 28(a) . . 1

QUESTION PRESENTED . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . 2

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . 2

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . 4

    The Indictment and Guilty Plea . . . . . . . . . . . . 4

    The Presentence Report . . . . . . . . . . . . . . 6

        1.   Defendant's Background . . . . . . . . . 6

        2.   The Guideline Range . . . . . . . . . . 6

           a.   Defendant's Record . . . . . . . . . 6

           b.   Defendant's Offense Level . . . . . . . 8

    Sentencing . . . . . . . . . . . . . . . . . . . 9

ARGUMENT

POINT I

A NEW YORK CONVICTION THAT HAS BEEN SET ASIDE
AND REPLACED BY A YOUTHFUL OFFENDER ADJUDICATION
DOES NOT QUALIFY AS A PREDICATE CONVICTION UNDER
18 U.S.C. § 924(e) BECAUSE CONGRESS HAS PROVIDED
THAT A CONVICTION THAT HAS BEEN "SET ASIDE"
"SHALL NOT BE CONSIDERED A CONVICTION FOR PURPOSES
OF THIS CHAPTER." 18 U.S.C. § 921(a)(20). . . . . . . . . . 10

CONCLUSION . . . . . . . . . . . . . . . . . . . 17

i

## TABLE OF AUTHORITIES

**CASES**

Dickerson v. New Banner Institute, Inc.,
    460 U.S. 103 (1983) . . . . . . . . . . . . . . . . 12

Logan v. United States, 552 U.S. 23 (2007) . . . . . 10, 11, 12

McGrath v. United States, 60 F.3d 1005 (2d Cir. 1995) . . . . 12

People v. Gray, 84 N.Y.2d 709 (1995) . . . . . . . . . . 13

United States v. Archer, 461 F. Supp.2d 213 (S.D.N.Y.
    2006) . . . . . . . . . . . . . . . . . . . . . . 15

United States v. Beardsley, 691 F.3d 252 (2d Cir. 2012) . . . . 4

United States v. Clark, 993 F.2d 402 (4th Cir. 1993) . . . . 11

United States v. Cuello, 357 F.3d 162 (2d Cir.
    2004) . . . . . . . . . . . . . . . . . . . . 4, 13, 14

United States v. Fernandez, 390 F. Supp.2d 277 (S.D.N.Y.
    2005) . . . . . . . . . . . . . . . . . . . . . . 14

United States v. Matthews, 205 F.3d 544 (2d Cir.
    2000) . . . . . . . . . . . . . . . . . . . . 4, 13, 14

United States v. Parnell, 524 F.3d 166 (2d Cir. 2008) . . . 3, 12

**STATUTES AND OTHER AUTHORITIES**

18 U.S.C. § 921(a)(20) . . . . . . . . . . . . . . . . passim

18 U.S.C. § 922(g)(1) . . . . . . . . . . . . . . . . passim

18 U.S.C. § 924(a)(2) . . . . . . . . . . . . . . . . . 2, 10

18 U.S.C. § 924(e) . . . . . . . . . . . . . . . . 2, 3, 10

18 U.S.C. § 924(e)(1) . . . . . . . . . . . . . . . . passim

18 U.S.C. § 3231 . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 3742(a) . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . 1

Firearms Owners' Protection Act, 100 Stat. 449 (1986) . . . . 12

18 U.S.C. §§ 921-31 . . . . . . . . . . . . . . . . 3, 10, 14

N.Y. Crim. Proc. Law § 720.20(3) . . . . . . . . . 3, 12, 13

N.Y. Penal Law § 220.39 . . . . . . . . . . . . . . . 7

N.Y. Penal Law § 220.44 . . . . . . . . . . . . . . . 6

United States Sentencing Guidelines

    § 2K2.1(a)(2) . . . . . . . . . . . . . . . . . 8

    § 3E1.1(a) . . . . . . . . . . . . . . . . . . 8

    § 3E1.1(b) . . . . . . . . . . . . . . . . . . 8

    § 4A1.1(d) . . . . . . . . . . . . . . . . . . 7

    § 4A1.2 . . . . . . . . . . . . . . . . . . . 13

    § 4B1.4(b)(3)(B) . . . . . . . . . . . . . . . 8

    § 4B1.4(c)(1) . . . . . . . . . . . . . . . . 8

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

Docket No. 13-4431-cr

UNITED STATES OF AMERICA,

Appellee,

-against-

JAMELL SELLERS,

Defendant-Appellant.

APPEAL FROM A FINAL JUDGMENT
OF THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

BRIEF FOR APPELLANT JAMELL SELLERS

**JURISDICTIONAL STATEMENT PURSUANT TO FED. R. APP. P. 28(a)**

This is an appeal from a judgment of conviction rendered on October 17, 2013, and entered on November 20, 2013, in the United States District Court for the Eastern District of New York (Sterling Johnson, Jr., J.). A timely notice of appeal was filed on October 18, 2013. Jurisdiction is in this Court pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Jurisdiction of this action was in the district court pursuant to 18 U.S.C. § 3231.

## QUESTION PRESENTED

Whether a New York conviction that has been set aside and replaced by a youthful offender adjudication fails to qualify as a predicate conviction under 18 U.S.C. § 924(e) because Congress has provided that a conviction that has been "set aside" "shall not be considered a conviction for purposes of this chapter." 18 U.S.C. § 921(a)(20).

## STATEMENT OF THE CASE

## PRELIMINARY STATEMENT

Jamell Sellers was convicted, upon his guilty plea, of one count of possessing a firearm subsequent to sustaining a felony conviction, in violation of 18 U.S.C. § 922(g)(1). On October 17, 2013, the court sentenced Mr. Sellers to a term of imprisonment of 180 months, pursuant to 18 U.S.C. § 924(e)(1). The court also imposed a four-year term of supervised release and a special assessment of $100. This Court continued Federal Defenders of New York as counsel on appeal under the Criminal Justice Act.

## SUMMARY OF ARGUMENT

It is unlawful for a person who "has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year" to possess a firearm. 18 U.S.C. § 922(g)(1). While the crime of being a felon-in-possession is normally punishable by a prison sentence of 0 to 10 years (see § 924(a)(2)), the sentencing range increases to a minimum of 15 years and a maximum of life if

2

the offender qualifies for sentencing under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"). In order to qualify under ACCA, the defendant must have three previous convictions of the type "referred to in section 922(g)(1)" that are, in addition, either "a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1).

Congress has exempted certain convictions from the sweep of the gun laws. Pursuant to 18 U.S.C. § 921(a)(20), the "term 'crime punishable by imprisonment for a term exceeding one year' does not include ... [a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored ...." Indeed, § 921(a)(20) provides that such an offense "shall not be considered a conviction for purposes of this chapter." Id.[1] This Court has stated that § 921(a)(20) "purposefully exempts convictions that have been 'set aside' from the calculation of a defendant's previous convictions." United States v. Parnell, 524 F.3d 166, 170 (2d Cir. 2008).

The first of Jamell Sellers' three convictions, a drug sale, was committed when he was 17. Pursuant to New York's youthful offender procedures, his conviction was "vacated and replaced by" a youthful offender finding. N.Y. Crim. Proc. Law § 720.20(3). This Court has previously ruled that application of New York's

---

[1] "[T]his chapter" is chapter 44 ("Firearms") of title 18, United States Code, specifically 18 U.S.C. §§ 921-31.

youthful offender procedure means that the conviction has been "set aside." See United States v. Matthews, 205 F.3d 544, 548 (2d Cir. 2000); United States v. Cuello, 357 F.3d 162, 167 (2d Cir. 2004).

Under § 921(a)(20), since Mr. Sellers' conviction was "set aside," it does not qualify as a conviction for a crime punishable by imprisonment for a term exceeding one year under § 922(g)(1). Thus, it is not a conviction "referred to in section 922(g)(1)." This means, in turn, that it does not qualify as a predicate conviction under § 924(e)(1). In fact, it cannot be considered a conviction for any purpose in the Firearms chapter. Accordingly, Mr. Sellers should not have been sentenced under ACCA. His sentence should be vacated and a new sentencing ordered.[2]

### STATEMENT OF FACTS

### The Indictment and Guilty Plea

Indictment 12-cr-643 charged Mr. Sellers with possession of a 9-mm semiautomatic pistol in Brooklyn on September 11, 2012, having previously been convicted of a crime punishable by a term of imprisonment exceeding one year. A.10.[3] Before trial, defense

---

[2] This Court "reviews de novo all questions of law relating to the district court's application of a federal sentencing enhancement." United States v. Beardsley, 691 F.3d 252, 257 (2d Cir. 2012).

[3] Page citations preceded by "A" refer to the pages of appellant's appendix. Those preceded by "P" and "S" refer to the transcripts of the plea and sentencing, respectively. The (continued...)

counsel requested a ruling from Judge Johnson concerning whether Mr. Sellers was subject to sentencing under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). A.14-23. The court declined the request for an advance ruling. P.3-4; A.47-48.

On June 7, 2013, Mr. Sellers appeared before Judge Johnson and pleaded guilty to the single count of the indictment. There was no plea agreement. P.3-4, 6; A.47-48, 50.

After Mr. Sellers was sworn in, the district court conducted the plea allocution. P.5-17; A.49-61. In the course of the allocution, Mr. Sellers admitted that he possessed the gun in question, in Brooklyn, on September 11, 2012. He also admitted that he had incurred a prior felony conviction other than the one replaced by a youthful offender adjudication. P.14-15; A.58-59. The court made sure that Mr. Sellers understood the government was contending he should be sentenced under ACCA, which would expose him to a mandatory minimum prison term of 15 years and a maximum term of life. P.8-9, 16; A.52-53, 60.

Mr. Sellers then formally pleaded guilty, and the court accepted the plea. P.16-17; A.60-61. The ACCA issue would be litigated at sentencing. P.17-18; A.61-62.

---

[3] (...continued)
presentence report ("PSR") is being submitted under seal.

5

**The Presentence Report**

The presentence report ("PSR"), which was prepared by the Probation Office, is dated July 24, 2013. The addendum is dated August 28, 2013. The PSR was prepared using the 2012 Guidelines Manual. PSR ¶8.

### 1. **Defendant's Background**

The PSR recounted that Mr. Sellers was born in August 1983, in Brooklyn. PSR ¶30. Raised by his mother alone, he has never known who his father is. Before his arrest Mr. Sellers lived in Brooklyn with his mother and his younger sister, Kamora, then 13 years old. Mr. Sellers is on good terms with his mother and sister. The PSR states they "remain[] supportive." PSR ¶¶30-32.

Mr. Sellers received his GED in 2009 while incarcerated on a prior offense. PSR ¶41. He had dropped out of Prospect Heights high school in the ninth grade. PSR ¶42. He worked at various times as a self-employed barber and also made truck deliveries, including delivering milk. PSR ¶45.

### 2. **The Guideline Range**

#### a. **Defendant's Record**

Mr. Sellers' first offense came when he was arrested for and pleaded guilty to selling a controlled substance on or near school grounds, in violation of N.Y. Penal Law § 220.44. The charge was that he sold crack cocaine to an undercover officer at a location within 1000 feet of a school on October 6, 2000. Mr. Sellers was

6

17. PSR ¶20. Adjudicated a youthful offender on June 19, 2001, he was sentenced to five years' probation. His probation was violated after his next arrest (see below), and, on September 9, 2004, he was resentenced to 1 1/3 to 4 years in prison. He received 3 criminal history points for this offense. PSR ¶20.

In 2004, Mr. Sellers was convicted of criminal sale of a controlled substance in the third degree, in violation of N.Y. Penal Law § 220.39, for another street-level sale of crack to an undercover officer. The offense occurred on May 14, 2003. Mr. Sellers was sentenced, on September 9, 2004, to 3 to 9 years in prison to run concurrently with the probation-violation sentence referenced above. Three criminal history points were assigned for this offense. PSR ¶21.

In April 2007, Mr. Sellers was again arrested for third-degree sale of a controlled substance for a street-level sale of crack cocaine. He was sentenced, on February 4, 2008, to five years' imprisonment to be followed by two years of post-release supervision. He was released on July 15, 2011. This conviction was assigned 3 criminal history points. PSR ¶22.

Since Mr. Sellers committed the instant offense on September 11, 2012, while still on state supervision, he was assigned 2 additional points pursuant to U.S.S.G. § 4A1.1(d). PSR ¶24. The total of 11 points put him in criminal history category ("CHC") V. PSR ¶25.

7

**b. <u>Defendant's Offense Level</u>**

The PSR first determined that Mr. Sellers' base offense level was 24, pursuant to the firearms guideline (U.S.S.G. § 2K2.1(a)(2)), because he had at least two prior convictions for controlled substance offenses. PSR ¶9. Probation then decided that Mr. Sellers met the requirements for sentencing under ACCA. It accepted the government's position that the exemption in § 921(a)(20) "applies only to violent felonies and not to serious drug offenses." PSR addendum at p.1. As a result, it increased the offense level to 33, pursuant to the armed career criminal guideline, U.S.S.G. § 4B1.4(b)(3)(B). PSR ¶15. The CHC remained V. PSR ¶25; <u>see</u> U.S.S.G. § 4B1.4(c)(1).

The PSR recommended a three-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) and (b). PSR ¶¶16-17. However, the government refused to move for the third level because Mr. Sellers did not plead guilty until close to trial. Accordingly, the final offense level was 31. <u>See</u> addendum at p.3. At level 31 and CHC V, the guideline range was 168 to 210 months, with a mandatory minimum term of 180 months under ACCA. <u>See</u> PSR ¶51, as revised by the addendum.

If Mr. Sellers did not qualify for ACCA sentencing, his offense level would be 22 (24 minus 2 levels for acceptance). In CHC V, his guideline sentencing range would be 77 to 96 months.

**Sentencing**

Defense counsel's sentencing submission, dated September 30, 2013, challenged the decision in the PSR that Mr. Sellers should be sentenced pursuant to ACCA. A.66-78. The government responded on October 8, 2013. A.79-90.

On October 17, 2013, the parties appeared before Judge Johnson for sentencing.

The parties argued the ACCA issue, relying primarily on their written submissions. S.2-5; A.92-95. The court then ruled:

> Okay. Mr. Padden [defense counsel], there are no cases in the circuit that I'm aware of that addresses this particular issue, and I am, for the record, stating that I agree with the probation department, and you're going to get an opportunity to have me reversed again.

S.5; A.95.

Mr. Sellers declined to address the court. S.2; A.92. He was sentenced to 180 months in prison, the minimum prison term under ACCA, to be followed by a five-year term of supervised release. The court also imposed a special assessment of $100. S.7-8; A.97-98.

**ARGUMENT**

**POINT I**

**A NEW YORK CONVICTION THAT HAS BEEN SET ASIDE AND REPLACED BY A YOUTHFUL OFFENDER ADJUDICATION DOES NOT QUALIFY AS A PREDICATE CONVICTION UNDER 18 U.S.C. § 924(e) BECAUSE CONGRESS HAS PROVIDED THAT A CONVICTION THAT HAS BEEN "SET ASIDE" "SHALL NOT BE CONSIDERED A CONVICTION FOR PURPOSES OF THIS CHAPTER." 18 U.S.C. § 921(a)(20).**

Congress has provided that convictions that have been "set aside" do not qualify as convictions under the Firearms chapter of the United States Code, 18 U.S.C. §§ 921-31. See 18 U.S.C. § 921(a)(20). Because Mr. Sellers' youthful offender adjudication for a crime committed when he was 17 qualifies as a conviction that has been set aside, it cannot be considered a predicate offense under either 18 U.S.C. § 922(g)(1) or § 924(e)(1). Therefore, he does not have the three prior qualifying convictions that are necessary for sentencing under the Armed Career Criminal Act. Accordingly, Mr. Sellers' 15-year mandatory minimum sentence must be vacated, and a new sentencing ordered.

**A.**

"Federal law generally prohibits the possession of a firearm by a person convicted of 'a crime punishable by imprisonment for a term exceeding one year.'" Logan v. United States, 552 U.S. 23, 27 (2007) (quoting 18 U.S.C. § 922(g)(1)). The maximum felon-in-possession sentence is ordinarily ten years. See 18 U.S.C. §

10

924(a)(2).  However, under the Armed Career Criminal Act ("ACCA"), "a person who violates section 922(g) ... and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, ... shall be ... imprisoned not less than fifteen years ...."  18 U.S.C. § 924(e)(1).  Thus, in order to qualify under ACCA, the prior conviction must not only be a "violent felony" or a "serious drug offense," ACCA also "requires that the conviction be of the type specified in § 922(g)(1).  That section refers to conviction in any court of 'a crime punishable by imprisonment for a term exceeding one year.'"  <u>United States v. Clark</u>, 993 F.2d 402, 403 (4th Cir. 1993).

This case involves an exemption that Congress has carved out from the ambit of § 921(g)(1) and ACCA.  Section 921(a)(20) states, "Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter."  This means, as the Supreme Court has stated, "For ACCA sentence-enhancement purposes, a prior conviction may be disregarded if the conviction 'has been expunged, or set aside,' or the offender 'has been pardoned or has had civil rights restored.'"  <u>Logan</u>, 552 U.S. at 26 (quoting 18 U.S.C. §

11

921(a)(20)).[4] Section 921(a)(20) "purposefully exempts convictions that have been 'set aside' from the calculation of a defendant's previous convictions." United States v. Parnell, 524 F.3d 166, 170 (2d Cir. 2008). "[A] pardon, expungement, setting aside of the conviction, or restoration of civil rights will trigger the exemption, regardless whether the act of grace is based on individualized consideration." McGrath v. United States, 60 F.3d 1005, 1008 (2d Cir. 1995).[5]

## B.

Although Mr. Sellers has been convicted three times of drug offenses, he received a youthful offender adjudication for his first conviction, committed when he was 17. Under New York's youthful offender procedure this conviction was "deemed vacated and replaced by a youthful offender finding." N.Y. Crim. Proc. Law § 720.20(3).

This Court has previously decided that a New York youthful offender adjudication means that the underlying conviction has

---

[4] In Logan, the Court pointed out that the current version of § 921(a)(20) was enacted as part of the Firearms Owners' Protection Act, 100 Stat. 449 (1986), in reaction to the decision in Dickerson v. New Banner Institute, Inc., 460 U.S. 103 (1983), which held that "a State's expungement of a conviction did not nullify the conviction for purposes of the firearms disabilities ... in §§ 922(g)(1) and (h)(1)." Logan, 552 U.S. at 27-28.

[5] Section 921(a)(20)(A) and (B) also exempts all federal and state offenses pertaining to antitrust violations, unfair trade practices, and other offenses relating to business regulation, and any state offense classified as misdemeanors that is punished by more than one but not more than two years' imprisonment.

been "set aside."  See United States v. Cuello, 357 F.3d 162 (2d Cir. 2004); United States v. Matthews, 205 F.3d 544 (2d Cir. 2000).  In Matthews, the Court had to decide whether a New York youthful offender adjudication "expunged" a defendant's conviction or "simply set aside that conviction."  205 F.3d at 546.  The Court examined the New York procedure, by which the eligible youth's conviction is "'deemed vacated and replaced by a youthful offender finding'" and a special youthful offender sentence is then imposed.  Id. (quoting N.Y. Crim. Proc. Law § 720.20(3)).  The Court noted that the records of the youthful offender proceeding were kept confidential but were not destroyed.  205 F.3d at 546-48.  The Court also explained that youthful offender adjudications do not qualify as prior convictions for New York's enhanced sentencing scheme.  Id. at 548 (citing People v. Gray, 84 N.Y.2d 709, 713 (1995)).  The Matthews court concluded that New York's purpose was to "'remove the stigma associated with a criminal conviction.'"  205 F.3d at 548 (quoting U.S.S.G. § 4A1.2, appl. note 10).  This characterized "an intention to 'set aside' rather than to 'expunge' a conviction."  Id. at 548.  In Cuello, the Court reiterated that the intent of New York's youthful offender law is to "set aside" the young defendant's conviction. 357 F.3d at 167.

The exemption in § 921(a)(20) states that the question of what constitutes a conviction "shall be determined in accordance

13

with the law of the jurisdiction in which the proceedings were held." Since under New York law, Mr. Sellers' youthful offender adjudication means that his conviction was set aside, that case cannot be considered a conviction for purposes of the Firearms chapter, 18 U.S.C. §§ 921-31. Therefore, his youthful offender adjudication is not a conviction for a crime punishable by imprisonment for a term exceeding one year under § 922(g)(1), and it is not a conviction "referred to in section 922(g)(1)" that is needed to qualify for ACCA sentencing. Since this leaves him with at most two qualifying convictions, he is not eligible to be sentenced under ACCA.

C.

Further support for Mr. Sellers' position is found in two district court cases from this Circuit. In <u>United States v. Fernandez</u>, 390 F. Supp.2d 277 (S.D.N.Y. 2005), the defendant had two qualifying convictions and also a New York youthful offender adjudication that had replaced a conviction for robbery in the second degree. <u>Id</u>. at 277-78. Citing <u>Matthews</u> and <u>Cuello</u>, the district court first ruled that the youthful offender adjudication meant that the defendant's conviction had been "set aside." <u>Id</u>. at 279-80. The court then decided, pursuant to § 921(a)(20), that since the conviction had been set aside, it could not be considered a conviction for purposes of the firearms chapter. Accordingly, the court ruled that Mr. Fernandez would not be

14

sentenced under ACCA. <u>Id</u>. Similarly, in <u>United States v. Archer</u>, 461 F. Supp.2d 213, 215 n.1 (S.D.N.Y. 2006), the court ruled that a New York conviction for robbery in the second degree was "set aside" when the defendant was adjudicated a youthful offender. Thus, it did not qualify as a predicate crime under ACCA.

<u>D.</u>

While agreeing that Mr. Sellers was "adjudicated as a youthful offender" for his 2001 drug conviction, A.25, the government argued, and the district court apparently agreed, that the exemption in § 921(a)(20) applies only to "violent" felonies and not to a "serious drug offense." A.29-31.

The government's position is that since 18 U.S.C. § 921(a)(20) begins by stating, "The term 'crime punishable by imprisonment for a term exceeding one year' does not include ...," the only set-aside convictions that do not count for ACCA purposes are those whose definition also contains the phrase "crime punishable by imprisonment for a term exceeding one year." Thus, the government has argued, the exemption applies to a "violent felony" that has been set aside because it is defined in § 924(e)(2)(B) as "any crime punishable by imprisonment for a term exceeding one year" that "has as an element the use, attempted use, or threatened use of physical force," or that is "burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of

15

physical injury." On the other hand, a "serious drug offense" is defined in § 924(e)(2)(A) as a drug offense punishable by a "maximum term of imprisonment of ten years or more." According to the government, since the definition of "serious drug offense" does not contain the phrase "punishable by imprisonment for a term exceeding one year," a drug offense still qualifies as an ACCA predicate even if it has been set aside. A.29-31, 83-86.

This argument fails for several reasons. First, since a serious drug offense is defined as a crime punishable by a sentence of at least 10 years in prison, it is a fortiori a crime punishable by more than one year in prison. Second, there is no conceivable reason why Congress would provide an exemption for offenders whose convictions for crimes of violence have been set aside -- crimes that include serious assaults, armed robbery, arson, and crimes involving explosives -- but exclude a non-violent street-level sale of drugs such as Mr. Sellers' offense.

But most important, the government has failed to recognize that in order to qualify for ACCA, a defendant must (1) have sustained three convictions "referred to in § 921(g)(1)" and (2) those convictions must be for a "violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). Mr. Sellers' youthful offender adjudication undeniably fails the first prong of this test. Even under the government's reasoning, a conviction such as Mr. Sellers' that has been "set aside" by the New York courts, is

16

excluded by § 921(a)(20) from being considered "a crime punishable by imprisonment for a term exceeding one year." Since Mr. Sellers' youthful offender adjudication does not qualify as a predicate conviction under § 922(g)(1), it also fails to qualify under § 924(e)(1).

*        *        *

Because Mr. Sellers' first conviction was set aside, it does not qualify as a predicate conviction for ACCA sentencing. Therefore, he should not have been sentenced under ACCA. His 15-year mandatory sentence must be vacated and a new sentencing ordered.

**CONCLUSION**

For the reasons stated above, appellant's sentence should be vacated and the matter remanded for a new sentencing.

Respectfully submitted,

FEDERAL DEFENDERS OF NEW YORK, INC.
APPEALS BUREAU

By: _____
**BARRY D. LEIWANT**
Attorney for Appellant
**JAMELL SELLERS**
52 Duane Street, 10th Floor
New York, New York 10007
Tel.: (212) 417-8742

17

---

### CERTIFICATE OF SERVICE

I certify that a copy of this Brief has been served by first-class mail and cm/ecf on the United States Attorney/E.D.N.Y.; Attention: **ALIXANDRA E. SMITH, ESQ.,** Assistant United States Attorney, c/o **PATRICE JOHNSON**, Paralegal Specialist, 271 Cadman Plaza East, Brooklyn, NY 11201.

Dated:  New York, New York
       May 19, 2014

                                       BARRY D. LEIWANT

18